IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 0 1 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-03061-BNB

DANIEL JAMES VIGIL,

      Applicant,

v.

STEVE HARTLEY, Warden A.V.C.F., and
THE ATTORNEY GENERAL OF THE STATE OF [COLORADO] JOHN SUTHERS,

      Respondents.

_____

ORDER OF DISMISSAL

_____

      Applicant, Daniel James Vigil, is a prisoner in the custody of the Colorado

Department of Corrections who currently is incarcerated at the Arkansas Valley

Correctional Facility in Crowley, Colorado.  Mr. Vigil initiated the instant action by filing

*pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254

challenging the validity of his conviction in Mesa County, Colorado, district court case

number 07CR731.  On January 24, 2011, he filed an amended application.  He has

been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

      On February 1, 2011, Magistrate Judge Boyd N. Boland ordered Respondents to

file a pre-answer response within twenty-one days limited to addressing the affirmative

defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court

remedies under § 2254(b)(1)(A).  The February 1 order permitted Mr. Vigil to file a reply

within twenty-one days of the filing of the pre-answer response.  On February 22, 2011,

Respondents filed their pre-answer response.  Mr. Vigil has not filed a reply.

The Court must construe liberally Mr. Vigil's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. The Court will dismiss the action for the reasons stated below.

In 2007, Mr. Vigil was convicted by a jury of theft by receiving in Mesa County District Court case number 07CR731 in connection with a bronze pig stolen from a public art display in Grand Junction, Colorado. The trial court found that he had sustained three prior convictions, and sentenced him to twenty-four years in prison under the habitual criminal statute. The Colorado Court of Appeals affirmed. *See People v. Vigil*, No. 08CA0773 (Colo. Ct. App. Aug. 20, 2009) (not published) (pre-answer response, ex. B). On December 14, 2009, the Colorado Supreme Court denied certiorari review.

On March 12, 2010, Mr. Vigil filed a motion for reconsideration of his sentence, which the trial court denied on April 20, 2010. Mr. Vigil did not appeal. On December 16, 2010, Mr. Vigil filed his original habeas corpus application with this Court. Respondents concede that the instant action is filed within the one-year limitation period in 28 U.S.C. § 2244(d). Given that Respondents admit the instant action was filed in a timely manner, the Court need not address further the one-year limitation period. Mr. Vigil asserts five claims that:

> (1) A police officer search of the camper truck in which the pig was found, conducted without a warrant or permission from the owner of the camper, violated his Fourth

2

Amendment rights under *Arizona v. Gant*, 129 S. Ct. 1710 (2009).

(2) His arrest was unlawful and violated his Fourth Amendment rights because he was arrested and placed in handcuffs, there was no warrant for his arrest, the officer searched the truck without a warrant, Mr. Vigil could not see the stolen pig because it was dark and raining, and he did not have stolen items in his possession.

(3) The prosecutor engaged in acts that were unconstitutional; specifically, the prosecutor "entered defendant[']s prior conviction without testimony" and "claimed the defendant was testifying through a witness when the defendant had no control over the witness" in violation of his Fifth Amendment rights.  Amended application at 6.

(4) His "conviction was obtained due to violations of [his] constitutional rights to due-process."  Specifically, he asserts he was "forced" to represent himself at trial; the prosecutor failed to provide him with discovery; the court failed to provide him with transcripts of the motions and suppression hearings, which he asserts he needed for use at trial; he was denied investigative and other services he needed to prepare for trial; the court denied his request for an extension of time to prepare for trial; and the "judge was [once] the boss of [his] significant other" and thus "should [have] recuse[d] herself."  Amended application at 7.

Mr. Vigil concedes in his amended application that none of his five claims has been exhausted.  *See* amended application at 5.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is

3

satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents argue that Mr. Vigil's unexhausted claims could have been raised on direct appeal. The Court agrees. Although Mr. Vigil failed to exhaust state court remedies for his five asserted claims, the Court may not dismiss these claims for failure

4

to exhaust state remedies if Mr. Vigil no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. No further state court remedy exists because any future claims would be denied as successive under Colo. R. Crim. P. 35(c)(3) because they could have been presented in an appeal or postconviction proceeding previously brought. *See* Colo. R. Crim. P. 35(c)(3)(VII). Therefore, the Court finds that the five asserted claims Mr. Vigil failed to exhaust are procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Vigil's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Vigil must show that some objective factor external to the defense impeded his ability to comply with the relevant procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Salazar*, 323 F.3d 852, 855 (10th Cir. 2003). A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *see also United States v. Cervini*,

5

379 F.3d 987, 991-92 (10th Cir. 2004).  A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  To demonstrate a fundamental miscarriage of justice, Mr. Vigil first must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id*.  Mr. Vigil then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. at 327.

Mr. Vigil fails to argue any basis for a finding of cause and prejudice or a fundamental miscarriage of justice in this action.  Therefore, because Mr. Vigil has failed to demonstrate cause and prejudice or a fundamental miscarriage of justice, the Court finds that the five asserted claims that Mr. Vigil failed to exhaust are procedurally barred, and must be dismissed.

Accordingly, it is

ORDERED that the five claims asserted by Applicant Daniel James Vigil, are dismissed as procedurally barred.  It is

FURTHER ORDERED that the habeas corpus application is denied, and the action is dismissed.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __1st__ day of ___April_____, 2011.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 10-cv-03061-BNB

Daniel James Vigil
Prisoner No. 89058
Arkansas Valley Corr. Facility
P.O. Box 1000
Crowley, CO 81034

I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on April 1, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk